IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CONSTANCE WOOD )<br>4583 Williamston Avenue )<br>Brooklyn, Ohio 44144 )<br>)<br>)<br>On behalf of herself and )<br>those similarly situated. )<br>)<br>v. )<br>)<br>ALDO'S RESTAURANT, INC. )<br>8459 Memphis Avenue )<br>Brooklyn, Ohio 44144 )<br>)<br>**Please also serve:** )<br>Robert R. Lucarelli )<br>1228 Euclid Avenue, #900 )<br>Cleveland, Ohio 44115 )<br>)<br>-and- )<br>)<br>ALDO ZAPPA )<br>8941 Springcrest )<br>Brooklyn, Ohio 44144 )<br>)<br>)<br>Defendants. ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

## INTRODUCTION

1. Plaintiff Constance Wood brings this action against Defendants Aldo's Resturant, Inc. ("Aldo's") and Aldo Zappa, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 *et seq*. Wood's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Plaintiffs' own conduct and the conduct and acts of others.

The Employee's Attorney.™

## PARTIES

2. Wood is a resident of the city of Brooklyn, county of Cuyahoga, state of Ohio.

3. Aldo's is an Ohio corporation with its principle place of business located in the city of Brooklyn, county of Cuyahoga, state of Ohio.

4. Aldo's is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation of common control for a common business purpose.

5. At all times hereinafter mentioned, Aldo's constituted a single enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

6. Upon information and belief, Zappa is a resident of the state of Ohio.

7. Zappa is the owner and or principal of Aldo's, with a 100 percent ownership interest, whom exercises significant control over Aldo's operations, policies, and procedures, to include, but not limited to its pay practices.

8. At all times relevant herein, Zappa supervised and/or controlled Wood's employment with Aldo's, and acted directly or indirectly in the interest of Aldo's in relation to its employees, and was an employer within the meaning of section 3(d) of the Fair Labor Standards Act.

9. The Defendants are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, were an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

10. The Defendants are and, at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or



produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

11. The putative FLSA Class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 24 of the complaint.

## JURISDICTION AND VENUE

12. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Woods is alleging a federal law claim arising under the Federal Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.

13. This Court has supplemental jurisdiction over Wood's state law claims under 28 U.S.C. § 1367.

14. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business.

## FACTS

15. Aldo's employed Wood as a server in or about 2013.

16. During all times material to this complaint, Woods was an "employee" of Aldo's within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

17. Aldo's employed Wood and those similarly situated to her as hourly, non-exempt employees.

18. Aldo's paid Wood and those similarly situated $10.00 per shift, regardless of how many hours Wood and those similarly situated worked.

19. At times, Wood and those similarly situated would work eight or more hours in a shift, resulting in a pre-tip wage of $1.25 per hour.

The Employee's Attorney.™ 

20. At all times material to the Complaint, Defendants maintained an unlawful tip pool, in which the tips of Wood and those similarly situated were required to pool their tips with non-tipped employees, such as kitchen staff such as cooks and dishwashers, and management.

21. Upon information and belief, Zappa took a portion of pooled tips for himself and/or Aldo's.

22. During all times material to this complaint, Aldo's regularly and willfully refused to pay Wood and those similarly-situated the minimum wage, or for all hours worked, as prescribed by R.C. § 4111.02 and 29 U.S.C. §206.

23. Wood made numerous complaints to Zappa regarding Aldo's pay practices, but Zappa refused to change Aldo's invalid tip-pooling system or to pay Wood and those similarly situated the minimum wage.

24. After Defendants refused to correct their invalid tip-pooling system and unlawful pay practices, Woods ended her employment with Defendants on June 3, 2016.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25. Woods restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

26. Woods brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly situated individuals who are part of the following class:

> All individuals employed by Aldo's Restaurant, Inc. as servers, waiters, host, or in any other tipped position, between February 23, 2014 and the present, who were not paid the minimum wage for all hours worked and/or whose tips were pooled and paid to non-tipped employees.

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

27. Collective Action treatment of Wood's FLSA claims is appropriate because Woods and the FLSA Class have been subjected to the common business practices referenced in paragraphs 16 through 21, *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Aldo's companywide practices fail to properly

4

The Employee's Attorney.™

compensate the FLSA Class Members for all hours worked and/or maintained an unlawful tip-pooling system.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

28. Wood restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

29. Aldo's engaged Wood and those similarly situated in commerce as an employee.

30. During all times material to this complaint, Wood and those similarly situated were not exempt from receiving minimum wage under the FLSA because, *inter alia*, they were not "executive," "computer," "administrative," or "professional" employees, as defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

31. During all times material to this complaint, Aldo's failed to pay Wood and those similarly situated the proper minimum wage rate or for all hours worked as prescribed by 29 U.S.C. § 206.

32. During all times material to this complaint, Aldo's willfully and/or intentionally violated 29 U.S.C. § 206.

33. In violating the FLSA, Aldo's acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

34. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Wood for the full amount of the required minimum wage rate, and an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

35. Wood restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



36. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

37. During all times material to this complaint, Aldo's was a covered employer required to comply with the Ohio Wage Act's mandates.

38. During all times material to this complaint, Wood was a covered employee entitled to individual protection of Ohio Wage Act.

39. Aldo's violated the Ohio Wage Act with respect to Wood by, *inter alia*, failing to compensate Wood for all hours worked, or to pay Wood the minimum wage.

40. In violating the Ohio Wage Act, Aldo's acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Constance Wood request judgment against Defendants Aldo's Resturant, Inc. and Aldo Zappa and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Aldo's Restaurant, Inc., who work or have worked as servers, waiters, host, or in any other tipped position, as described herein, and who were not paid for all hours worked, who were paid less than the minimum wage, or whom had their tip income improperly and unlawfully withheld and paid to persons not eligible to receive tip income;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

(c) Awarding to Wood and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;



(d) Awarding Wood and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(e) Awarding Wood and the FLSA Class Members such other and further relief as the Court deems just and proper;

(f) An injunction prohibiting Aldo's Restaurant, Inc from engaging in future violations of the FLSA, and the Ohio Wage Act; and

(g) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Constance Wood*



## JURY DEMAND

Plaintiff Constance Wood demands a trial by jury by the maximum number of jurors permitted.

_____
Chris P. Wido (0090441)

